UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| JANET OGDEN PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No: 2:21-cv-223 |
| ) | |
| NORFOLK SOUTHERN CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is Plaintiff Janet Ogden Price's First Motion in Limine / Daubert Motion to Exclude Defendant's Expert Witness Kathleen Messimer and memorandum in support ("Motion to Exclude"). ECF Nos. 26–27. By her motion, Plaintiff seeks to have Messimer, a vocational specialist retained by Defendant Norfolk Southern Corporation, excluded from testifying as to Plaintiff's purported underemployment following her termination. *Id.* Defendant filed an opposition to the Motion to Exclude, ECF No. 45, and Plaintiff filed a reply, ECF No. 49. The matter being ripe for disposition, Plaintiff's Motion to Exclude is **GRANTED**.

Plaintiff was terminated from her employment with Defendant in February 2020. ECF No. 27 at 1–2; attach. 1 at 3.[1] At some point following her termination, Plaintiff secured other employment in the insurance industry.[2] Vocational specialist Messimer issued a report dated November 21, 2021, purporting to conclude from a "present day labor market survey" which she conducted that eight other jobs in the area where Plaintiff lived—Roanoke, Virginia—were

---

[1] *See also* Defendant's memorandum in support of its motion for summary judgment, ECF No. 38 at ¶ 21.
[2] Plaintiff represents that she was "hired as a Property and Casual[]ty Agent by Nationwide Insurance in June 2020." ECF No. 27 at 2. Messimer represents in her report: "In September 2020, Ms. Price was offered a position as an Associate Agent with Beveridge & Akers Insurance Group." *Id.*, attach. 1 at 3. When precisely Plaintiff found other employment and which specific description of this employment is more accurate is not material to the resolution of this motion.

available that would have paid her more than she was earning at the insurance agency.[3] ECF No. 27, attach. 1. Consequently, Messimer opined that Plaintiff was "underemployed in her current position as an associate agent." *Id.* at 4. Messimer concluded:

> it is the opinion of this Vocational Specialist that there are alternative jobs available to [Plaintiff] that are more consistent with her level of skills. In addition, it is the opinion of this Vocational Specialist that Ms. Price is more likely than not capable of locating employment that offers wages similar to or exceeding her pre-separation income.

*Id.*

Plaintiff contends that Messimer should be excluded as a witness for several reasons. She contends that Messimer's opinions expressed in her report do not satisfy the requirements of Federal Rule of Evidence 702 and the Supreme Court's standards for the admission of expert witness testimony set forth in *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993) and its progeny because Messimer failed to state the basis for her opinions and therefore they lack relevance and reliability, are speculative, and ultimately constitute a legal conclusion that Plaintiff failed to mitigate her damages. ECF No. 27, *passim*. She further argues that Defendant did not comply with Federal Rule of Civil Procedure 26(a)(2)(B)'s requirement that a party disclose a retained expert's qualifications and list of publications authored in the past ten years (*see* Fed. R. Civ. P. 26(a)(2)(B)(iv)), and the compensation paid for her study (*see* Fed. R. Civ. P. 26(a)(2)(B)(vi)). *Id.* at 2.

Defendant responds that Messimer complied with Rule 702 and Daubert. ECF No. 45 at 2–6. It contends that her opinions are the proper subject of expert testimony and do not contain legal conclusions since she did not "use [ . . . ] specialized terms that would identify a statement of a legal standard or legal conclusion." *Id.* at 2–3. Defendant argues that Messimer's opinions

---

[3] Apparently, Plaintiff secured other employment on November 1, 2021, with the Roanoke City Public Schools, but this, too, is not material to the Court's resolution of this motion. *See* ECF No. 27 at 2.

2

are relevant and reliable and supported by a labor market survey that sufficiently explains the methodology she employed to reach her opinions. *Id.* at 4–5. Defendant further contends that Plaintiff's criticisms are more appropriately addressed through cross-examination, and not the exclusion of the expert. *Id.* at 2, 6. Defendant did not address Plaintiff's contention that Defendant's expert disclosure failed to provide Messimer's qualifications, list of publications authored in the past ten years, and the compensation Defendant paid for her study. *Id., passim.*

Rule 702 of Federal Rules of Evidence permits admission of "scientific, technical or other specialized knowledge" by a qualified expert if it will "help the trier of fact to understand the evidence or to determine a fact in issue," "the testimony is based on sufficient facts or data," "is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702 ("Rule 702"); *see also United States v. Wilson*, 484 F.3d 267, 274–75 (4th Cir. 2007). The Court must ensure that an expert's opinion is based on "*knowledge* and not on belief or speculation." *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 281 (4th Cir. 2021) (emphasis in original) (quoting *Oglesby v. Gen. Motors Corp.*, 190 F.3d 244, 250 (4th Cir. 1999)). Expert testimony may be admitted pursuant to Rule 702 if the testimony is both relevant and reliable, considering a number of factors including whether the theory or technique "can be (and has been tested)," whether it "has been subjected to peer review and publication," whether it has been "generally accept[ed]" in the "relevant scientific community," and "the known or potential rate of error." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 593–94 (1993). The evaluation of these factors "can 'depend[] on the nature of the issue, the expert's particular expertise, and the subject of his testimony.'" *Sardis*, 10 F.4th at 281 (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999)). "Accordingly, trial courts are typically given 'broad latitude' to determine which of these factors (or some other unspecified

factors) are 'reasonable measures of reliability in a particular case.'" *Id.* (citation omitted)

Although the admissibility of expert opinion is "flexible," the district court must function as a gatekeeper, permitting only expert testimony that comports with Rule 702's guidelines as explained in *Daubert*. 509 U.S. at 594. In doing so, the Court has an obligation to "ensure that an expert's testimony both rests on a *reliable* foundation and is *relevant* to the task at hand." *Sardis*, 10 F.4th at 281 (emphasis in original) (quoting *Nease v. Ford Motor Co.*, 848 F.3d 219, 229 (4th Cir. 2017)). "Simply put, if an opinion is not relevant to a fact at issue, *Daubert* requires that it be excluded." *Id.* Despite the Court's "broad discretion" to determine which factors are "reasonable measures of reliability in a particular case," the determination of an expert's reliability is not an issue that can be delegated to a jury. *Id.* As recently emphasized by the Fourth Circuit, in cases where expert testimony is challenged on relevance and/or reliability grounds, the district court's gatekeeping function is "indispensable" and "cannot be overstated." *Id.* at 283–84.

While Plaintiff raised several grounds for why Messimer should be excluded as an expert witness, the Court grants this motion because Messimer's opinion ultimately is not reliable. Messimer failed to disclose the facts or data supporting her opinion that eight specific better-paying jobs were available to Plaintiff in the relevant labor market, and Messimer therefore failed provide a sufficient basis or reason for concluding that Plaintiff was underemployed. The essence of Messimer's report is that, given Plaintiff's education, training, and experience, other jobs were available in the local economy that, had she applied for them, she would have secured, and those jobs would have paid her a greater income than she was receiving in her current employment. While Messimer asserted that these other positions were job opportunities available to Plaintiff, she never provides any facts or data explaining, first, what qualifications were necessary to fill these jobs and how Plaintiff met those qualifications, and, second, on what basis Messimer could

4

conclude that Plaintiff would have been hired had she applied. These omissions make Messimer's opinions unreliable.

Messimer states in her report that she conducted a labor market survey limited to a two-day timeframe "to establish whether there are jobs which [Plaintiff] is qualified to perform that pay a wage similar to her pre-separation income." ECF No. 27, attach. 1 at 3. "The survey results were based upon direct contact with employers and/or review of job posting information to determine job requirements, qualifications, compensation as well as the number of jobs available since February 2020." *Id.* However, Messimer never disclosed the underlying facts or data she received from these putative employers to establish the conclusion she reached—that Plaintiff was in fact qualified for these positions and thus they were available to her. Messimer never compared any of these positions with Plaintiff's skill set or qualifications. She never explained how Plaintiff's qualifications fit each of these eight positions. Messimer never identified the job responsibilities of any of these positions, or what specific qualifications employers required in prospective candidates to fill these jobs. As a result, Messimer's failure to disclose sufficient facts or data supporting her conclusion that these alternative jobs were available to Plaintiff precludes the Court from evaluating the basis and reasons for her opinions, thereby rendering them unreliable and speculative. "Without testing, supporting literature in the pertinent field, peer reviewed publications or *some basis to assess the level of reliability*, expert opinion testimony can easily, but improperly, devolve into nothing more than proclaiming an opinion is true 'because I say so.'" *Small v. WellDyne, Inc.*, 927 F.3d 169, 177 (4th Cir. 2019) (emphasis added). What Messimer presented is merely her ipse dixit: the job requirements and qualifications required by these eight positions were suitable for and available to Plaintiff "because [she] say[s] so."

The speculative and unreliable nature of Messimer's opinion that these jobs were within

Plaintiff's qualifications and therefore available to her is further reinforced by the apparent conflict between Messimer's opinion of Plaintiff's qualifications and Defendant's opinion of Plaintiff's qualifications. *Compare* Messimer report, ECF No. 27, attach. 1 at 1 ("[Plaintiff] has acquired many transferrable skills during her tenure at Norfolk Southern and had advanced into a supervisory role.") *with* Defendant's Memorandum in Support of Motion for Summary Judgment, ECF No. 38 at ¶ 2 ("Plaintiff had no managerial experience throughout her tenure with Norfolk Southern."). Messimer listed four positions that involve managerial or supervisory responsibilities as jobs available to Plaintiff. ECF No. 27, attach. 1 at 7 (including as jobs available to Plaintiff that of Sourcing Manager, Purchasing Manager, Automation Coordinator, and Fleet Supervisor). Perhaps there is a distinction to be made between "managers" and "supervisors" that would explain the apparent contradiction between Messimer and Defendant with respect to Plaintiff's job responsibilities at Norfolk Southern. However, Messimer never offered any explanation in this regard. Perhaps the job responsibilities required in the three Manager and one Coordinator position identified by Messimer include the same type of job responsibilities Plaintiff carried out while employed by Norfolk Southern. Once again Messimer offered no explanation of the actual job responsibilities or duties required of these four positions, or any of the other five positions, for that matter. Absent any meaningful explanation, Messimer's opinion is nothing more than her ipse dixit, and therefore unreliable.

Finally, Messimer did no analysis to determine whether Plaintiff was, in fact, a realistic candidate for these positions. For instance, she provided no information regarding how many candidates applied for each position or how competitive each position was. She did not explain the dynamics of the Roanoke job market, or the extent of the demand for any of these jobs. Left unaddressed is how Plaintiff might have ranked compared to potential other candidates. Instead,

Messimer merely concludes these positions were genuine opportunities available to Plaintiff had she only applied, without offering any explanation as to why this is so. Absent any explanation as to the reasons or basis for this opinion, Messimer's testimony is not reliable and not helpful to the jury.[4]

For the foregoing reasons, Plaintiff's Motion to Exclude, ECF No. 26, is **GRANTED**.

The Clerk is **DIRECTED** to forward this Order to all counsel of record.

It is so **ORDERED**.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
March 16, 2022

---

[4] In light of the Court's determination that Messimer's opinions are unreliable and therefore unhelpful to the jury under Rule 702, the Court need not address whether Messimer has offered any legal conclusions, or the consequences of Defendant's failure to provide the complete required disclosure under Fed. R. Civ. P. 26(a)(2)(B).