UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JANET OGDEN PRICE,

        Plaintiff,

  v.                            CIVIL ACTION NO. 2:21cv223

NORFOLK SOUTHERN CORPORATION,

        Defendant.

## OPINION

This matter comes before the court on Defendant's Amended Motion for Summary Judgment. ECF No. 37. For the reasons explained below, the court **ADOPTS IN PART, MODIFIES IN PART,** and **DENIES IN PART** the findings and recommendations set forth in the Magistrate Judge's Report and Recommendation. See ECF No. 79.

### I. PROCEDURAL HISTORY

Plaintiff filed a Complaint on April 22, 2021, alleging nine counts of discrimination and retaliation. ECF No. 1. The Complaint alleges the following claims: (1) Discrimination and Retaliation in Violation of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq. (Count I); (2) Interference in Violation of the FMLA (Count II);[1] (3) Discrimination and Retaliation in

---

[1] Plaintiff voluntarily withdrew Count II in her Memorandum in Opposition to Motion for Summary Judgment ("Plaintiff's Opposition Memorandum"). ECF No. 52 at 18.

Violation of the Americans with Disabilities Act ("ADA")[2] (Count III); (4) Failure to Accommodate in Violation of the ADA (Count IV); (5) Interference in Violation of the ADA (Count V);[3] (6) Gender Discrimination Based on Failure to Promote in Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. (Count VI);[4] (7) Retaliation in Violation of Title VII (Count VII); (8) Age Discrimination in Violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. (Count VIII); and (9) Intersectional Discrimination in Violation of the ADEA, ADA, and/or Title VII (Count IX). Id.

On December 10, 2021, Defendant moved for summary judgment on each count in Plaintiff's Complaint ("Defendant's Motion").[5] ECF Nos. 37, 38. In response, on December 14, 2021, Plaintiff moved

---

[2] Plaintiff's Complaint refers to the ADA Amendments Act ("ADAAA"), which became effective January 1, 2009, and amended certain provisions of the Americans with Disabilities Act ("ADA"). 42 USC § 12102(4)(A). The court will follow the Magistrate Judge's decision to refer to the ADA, unless the ADAAA is specifically applicable.

[3] Plaintiff voluntarily withdrew Count V in Plaintiff's Opposition Memorandum. ECF No. 52 at 18.

[4] Plaintiff clarified in Plaintiff's Opposition Memorandum that she was "only pursuing a sex discrimination, not a sex harassment, claim at trial." Id.

[5] Defendant's first Motion for Summary Judgment was filed on December 8, 2021, ECF No. 32, and later amended on December 10, 2021, ECF No. 37.

to strike Defendant's Motion ("Plaintiff's Motion to Strike"). ECF Nos. 41, 42.

On January 4, 2022, the jury trial scheduled for this matter was removed from the court's calendar, and Plaintiff's Motion to Strike was denied. ECF Nos. 61, 62. The court then referred Defendant's Motion to United States Magistrate Judge Lawrence R. Leonard by Order entered January 18, 2022, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Civil Rule 72, to conduct necessary hearings and to submit to the undersigned district judge proposed findings and recommendations for the disposition of Defendant's Motion. ECF No. 64. After holding a hearing on April 7, 2022, ECF No.73, the Magistrate Judge filed a Report and Recommendation ("R&R") on July 21, 2022, recommending that the court grant in part and deny in part Defendant's Motion.[6] ECF No. 79 at 1.

By copy of the R&R of the Magistrate Judge, the parties were advised of their right to file written objections thereto within fourteen (14) days from the date of the mailing of the R&R to the objecting party. Id. at 57. Defendant filed Objections to the R&R on August 4, 2022, ECF No. 80, to which Plaintiff responded on

---

[6] More specifically, the Magistrate Judge recommended that this court grant Defendant's Motion with respect to Counts III, VI, VII, VIII, and IX, deny Defendant's Motion with respect to Counts I and IV, and dismiss Counts II and V pursuant to Plaintiff's voluntary withdrawal of those claims. ECF No. 79 at 56-57.

August 18, 2022, ECF No. 83. Plaintiff also filed Objections to the R&R on August 4, 2022, ECF No. 81, to which Defendant responded on August 18, 2022, ECF No. 82.

## II. LEGAL STANDARDS

### A. Summary Judgment Standard

Summary judgment is appropriate when the court, viewing the record as a whole and in the light most favorable to the nonmoving party, finds there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). A court should grant summary judgment if the nonmoving party has failed to establish, after adequate time for discovery, the existence of an essential element of that party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). At a minimum, the nonmoving party must present "evidence on which the [trier of fact] could reasonably find" for the nonmoving party. Anderson, 477 U.S. at 252.

### B. Review of Magistrate Judge's R&R

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, must make a de novo determination of those portions of the R&R to which the parties have specifically objected. Fed. R. Civ. P. 72(b). For unchallenged portions, the court "must 'only satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation.'" <u>Diamond v. Colonial Life</u> <u>& Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

Objections to the R&R "must be made 'with sufficient specificity so as reasonably to alert the district court of the true ground of the objection.'" <u>Scott v. Va. Port Authority</u>, No. 2:17-cv-176, 2018 WL 1508592, at *2 (E.D. Va. Mar. 27, 2018) (Jackson, J.) (quoting <u>United States v. Midgette</u>, 478 F.3d 616, 622 (4th Cir. 2007)). "Objections must also respond to specific errors in the [R&R] because general or conclusory objections are not proper. General or conclusory objections are the equivalent of a waiver" <u>Id.</u> at 7 (citing <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982)).

### III. PLAINTIFF'S OBJECTIONS

The Magistrate Judge recommends that only two (2) of Plaintiff's claims survive Defendant's Motion. ECF No. 79 at 56-57. In response, Plaintiff made fourteen (14) objections.[7] ECF No. 81.

---

[7] When considering the number of objections Plaintiff made within her fourteen (14) primary objection headers, the number of individual objections is thirty-two (32). ECF No. 81.

## A. Objections 1-5: Statement of Undisputed Material Facts

Plaintiff makes numerous objections to the Magistrate Judge's Statement of Undisputed Material Facts. See ECF No. 81 at 2-7. It is settled that "the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. Furthermore, "'[t]he court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the [R&R], without focusing the court's attention on specific errors therein.'" Mark R. v. Saul, No. 7:19-cv-804, 2021 WL 1015815, at *2 (W.D. Va. Mar. 16, 2021)(quoting Camper v. Comm'r of Soc. Sec., No. 4:08-cv-69, 2009 WL 9044111, at *2 (E.D. Va. 2009), aff'd, 373 F. App'x 346 (4th Cir. 2010)).

Plaintiff first objects to the Magistrate Judge's finding that Fred Alley ("Alley") held true managerial roles because Alley "did not manage people" in his prior positions. ECF No. 81 at 2. According to Black's Law Dictionary, "manager" is defined as "[s]omeone who administers or supervises the affairs of a business, office, or other organization." Manager, Black's Law Dictionary (10th ed. 2014). There is no requirement that a manager manage people, and the role of a manager can vary from company to company, and even department to department. See id. Furthermore, the record supports, and neither party objects to the fact, that Alley held

6

four positions at Norfolk Southern Corporation ("NS") containing the word "manager" in the title. ECF Nos. 38 at 11, 81 at 2, 82 at 2-3. For these reasons, the court **OVERRULES** Plaintiff's objection to the R&R stating that Alley "served in various manager positions." See ECF No. 79 at 5.

Next, Plaintiff objects to the Magistrate Judge's failure to include a statement addressing Plaintiff's allegations that she felt harassed by Alley due to her gender. ECF No. 81 at 2-3. However, contrary to Plaintiff's objection, Plaintiff's deposition testimony and filings do not offer specific evidence to support these allegations. See, e.g., ECF No. 38-7 at 28 (Plaintiff's statement that she did not recall Alley's making any comments about the fact that she was a woman and failing to provide details of alleged gender harassment). For this reason, the court **OVERRULES** Plaintiff's objection to the R&R for failing to include details of Plaintiff's harassment allegations in the undisputed facts portion of the R&R.

Plaintiff also objects to the Magistrate Judge's omission of the detail that she made "reports to HR and her immediate supervisor" about Richard Scott's ("Scott") behavior and that these reports "were lodged with the intent for action to be taken." ECF No. 81 at 3. The record, including Plaintiff's deposition testimony, does not provide the level of clarity needed to consider

this statement, as proposed, an undisputed material fact.[8] See ECF No. 38-7 at 34 (deposition testimony regarding Plaintiff's informal conversations about her alleged workplace experiences with Joan Newcomb, Manager of NS's Employee Assistance Program, and Caroline West, an employee in NS's Legal Department and member of the same gym as Plaintiff, where she admittedly did not expect formal action to be taken); see also id. at 35 (indicating that Plaintiff was aware of how to file a formal harassment complaint with the EEO office). However, after reviewing the record, this court **MODIFIES** the Magistrate Judge's sentence in the R&R to reflect that Plaintiff claims to have made reports to HR and her immediate supervisor. Therefore, the sentence shall now read: "Plaintiff said she discussed Scott's behavior with a person in the Employment Assistant Program and a person in the Legal Department, and also had conversations with her supervisor and a member of HR." ECF Nos. 38 at 14, 52 at 6; see ECF No. 79 at 5-6.

Next, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff "d[id] not maintain" that notifications from Norfolk Southern Health Services ("NSHS") seeking documentation to support her FMLA application "were discriminatory in nature." ECF No. 81 at 3. A practice is "discriminatory" when it "confers

---

[8] It should be noted that the Magistrate Judge considered Plaintiff's alleged reports in great detail in the R&R. See ECF No. 79 at 46-47.

privileges to a certain class or...denies privileges to a certain class" or fails "to treat all persons equally when no reasonable distinction can be found." Discrimination, Black's Law Dictionary (10th ed. 2014). Plaintiff did allege that "chasing medical paper" was making her sicker, ECF No. 52 n.1, but this is not evidence of discrimination, or unequal treatment. For this reason, the court **OVERRULES** Plaintiff's objection to the R&R which includes a statement that Plaintiff did not consider NSHS notifications to be discriminatory.

Lastly, Plaintiff objects to the R&R by listing thirteen (13) "Missing Facts," without providing any specificity as to why these are material and undisputed. ECF No. 81 at 4-7. The court determines this to be a "general...objection[]" that "do[es] not direct the court to a specific error in the [M]agistrate [J]udge's [R&R]. XVP Sports, LLC v. Bangs, 2012 WL 4329258, at *2 (E.D. Va. Sep. 17, 2012) (Davis, J.) ("the mere listing of 'material facts'...is insufficient to constitute a 'specific objection'") (internal citations omitted)); see also Camper, 2009 WL 9044111, at *2-3. For this reason, the court **OVERRULES** Plaintiff's objection to the R&R which seeks to add thirteen (13) facts to the Statement of Undisputed Material Facts.

In conclusion, for the reasons stated above, the court **OVERRULES** all but one of Plaintiff's objections related to the Statement of Undisputed Material Facts and **ADOPTS** and **APPROVES** the

Magistrate Judge's Statement of Undisputed Material Facts, as amended by this Opinion.

## B. Objection 9: R&R Treatment of Count I

The Magistrate Judge recommends that Defendant's Motion with respect to Count I be denied, ECF No. 79 at 13, however, Plaintiff objects because the Magistrate Judge did not analyze her FMLA retaliation claim within the context of Plaintiff's termination.[9] ECF No. 81 at 12. The court agrees with Plaintiff that her termination was a separate employment decision and should have been addressed in the R&R. Therefore, the next question is whether Plaintiff has demonstrated that particular retaliation claim through either direct or indirect evidence. See ECF No. 79 at 10.

Essential to this inquiry is determining when Plaintiff was supposed to come back to work, and relatedly, the reason for her ultimate termination. See ECF Nos. 52-7 (email correspondence among Defendant's employees suggesting inconsistency about whether Plaintiff was supposed to come back to work on February 3, 2020 or

---

[9] In his analysis, the Magistrate Judge only addresses the elimination of Plaintiff's position as the adverse employment action. See ECF No. 79 at 9-13. The court agrees with the Magistrate Judge's assessment that the "disorganized manner in which the parties presented their arguments" and "haphazard application of the facts of this case to the applicable law made the [c]ourt's review of the motion unnecessarily complicated." ECF No. 79 n.3. This includes Plaintiff's failure to separate claims and clearly demonstrate to the court what facts support her contentions. See id. This likely contributed to the oversight alleged by Plaintiff in Objection 9.

February 9, 2020), 38-1 at 11-15 (termination letter sent to Plaintiff on February 7, 2020); see also ECF Nos. 38-3 at 14 (Jon Zillioux's ("Zillioux") deposition testimony where he states that Plaintiff was terminated because she did not come back after her FMLA leave), 38-4 at 23 (Kendall Gayle's ("Gayle") deposition testimony that "work force restructure" contributed to Plaintiff's termination). Accordingly, the court **SUSTAINS** Plaintiff's ninth objection, and this matter will go forward for trial, as material facts remain in dispute.

### C. Objections to the R&R Treatment of Count III

Plaintiff makes four objections relating to the Magistrate Judge's R&R treatment of Count III. The court addresses each of these objections individually below.

#### (1) Objection 7: Essential Functions

First, Plaintiff objects to a statement indicating that there is insufficient evidence to establish what the "essential functions of Plaintiff's position were." ECF No. 81 at 9. Plaintiff cites to multiple places in the record to support her objection,[10]

---

[10] Plaintiff directs the court to the following record support: ECF No. 52-1 at 37:15-16 (Plaintiff's deposition testimony asserting that her job duties are largely performed over email); ECF No. 52-9 at 26:9-12 (Jon Zillioux's deposition testimony discussing Fred Alley's behavior at work); and ECF No. 52-12 at 9:6-12 (Corey Plunkett's deposition testimony confirming that NS's Sourcing Department has been working remotely since the start of the COVID-19 pandemic).

but none provide clarity on Plaintiff's "essential functions."[11] See id. Furthermore, Plaintiff's objection "fail[s] to provide the [c]ourt with specific objections" to consider. Scott, 2018 WL 1508592, at *2; see ECF No. 81 at 9. Therefore, the court **OVERRULES** Plaintiff's objection to the Magistrate Judge's assessment on Plaintiff's essential functions.

### (2) Objection 8: Causation in ADA Discrimination Claim

Plaintiff further objects to the Magistrate Judge's application of the but-for test to her ADA discrimination claim. ECF No. 81 at 10. The court agrees with—and neither party objects to—the Magistrate Judge's use of the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973)[12] when reviewing indirect evidence of discrimination to determine if Plaintiff has satisfied her burden of persuasion. See ECF No. 79 at 7, 15.

---

[11] To reiterate the Magistrate Judge's analysis, "'not all job requirements are essential.'" ECF No. 79 at 16 (quoting Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 579 (4th Cir. 2015)).

[12] Under this framework, "in the absence of direct evidence of discrimination, 'a plaintiff asserting discriminatory treatment...may avoid summary judgment by proceeding under the burden shifting framework established in McDonnell Douglas.'" ECF No. 79 at 8 (quoting Haynes v. Waste Connections, Inc., 922 F.3d 219, 223 (4th Cir. 2019)). First an employee must establish a prima facie case. Haynes, 933 F.3d at 223. If a Plaintiff satisfies that initial requirement, "the burden shifts to the employer to provide a legitimate, nondiscriminatory reason for the adverse employment action. If the employer meets this burden of production, the employee must then demonstrate that the defendant's proffered reason is pretextual." Id.

Under this framework, a Plaintiff first needs to establish a prima facie case. Id. at 8 (citing Haynes v. Waste Connections, Inc., 922 F.3d 219, 223 (4th Cir. 2019)). For ADA discrimination claims, the Plaintiff must demonstrate that: "(1) [s]he 'was a qualified individual with a disability', (2) [she] suffered an adverse employment action, (3) [s]he was satisfying h[er] employer's legitimate expectations at the time of the adverse action, and (4) the circumstances surrounding the adverse action 'raise a reasonable inference of unlawful discrimination.'" Ulrich v. CEXEC, Inc., 233 F. Supp. 3d 515, 530 (E.D. Va. 2017) (Ellis, III, J.) (citing Reynolds v. Am. Nat'l Red Cross, 701 F.3d 143, 150 (4th Cir. 2012)); see also ECF No. 79 at 15. Plaintiff's objection rests on the Magistrate Judge's analysis of the fourth element.

In Davis v. West Carolina University, 695 F. App'x 686, 688 (4th Cir. 2017), the Fourth Circuit court held that "[t]o establish a discrimination claim pursuant to the ADA, a party must establish his disability was the 'but-for' cause of an adverse employment decision." The court further held that employers acting with a "mixed motive" would not be held liable. Id. "In other words, causation requires the disability to be more than a motivating factor: it must be the only motivating factor." Id.

Plaintiff argues that the Supreme Court's decision in Bostock v. Clayton Cty., 140 S. Ct. 1731, 1739, __ U.S. __ (2020), broadly

13

changed the legal standard for but-for causation used by the Fourth Circuit by holding "that but-for does not equate with sole cause." ECF 81 at 10. Plaintiff is correct that the District Court for the Eastern District of North Carolina cited Bostock when concluding that "[e]vents can have more than one but-for cause." Nadendla v. WakeMed, No. 5:18-CV-540-H, 2021 WL 1056521, at *2 (E.D.N.C. Feb. 23, 2021), aff'd, 24 F.4th 299 (4th Cir. 2022).[13] But in the paragraph immediately following, the Nadendla court also emphasized that "but-for" does not equate to "play[ing] some role" or a "motivating factor." See id.; see also Gentry v. E.W. Partners Club Mgmt. Co., 816 F.3d 228, 234 (2016) (citing the Supreme Court's decision in Gross v. FBL Financial Services, Inc., 557 U.S. 167 (2009) and holding that Title VII's "motivating factor" standard should not extend to ADA claims).

That being said, it is not necessary for this court to determine whether Bostock, a case involving a Title VII discrimination claim, was meant to change how courts review causation in the context of ADA discrimination claims. Even when viewing the evidence in the light most favorable to the Plaintiff, Plaintiff has failed to demonstrate that she was discriminated

---

[13] It is important to note that decisions out of a district court in the Eastern District of North Carolina are not binding on this court. See Camreta v. Greene, 563 U.S. 692, 709 n.7 (2011) (internal citation omitted).

against *on the basis of* disability (emphasis added).[14] <u>See</u> 42 USC § 12112(a). It is not enough to allege that her disability was a motivating factor. <u>See</u> <u>Gross</u>, 557 U.S. 167 at 174.

It is important to underscore that the ADA and FMLA are "different concepts, and must be analyzed separately." 29 C.F.R. § 825.702(b). The short amount of time between Plaintiff's leave and the elimination/transfer of her position can serve as direct evidence to support Plaintiff's Count I claim (FMLA Discrimination and Retaliation), but it falls short of supporting a reasonable inference of discrimination as it relates to Count III (ADA Discrimination). <u>See</u> ECF Nos. 79 at 19-20, 81 at 11. During her deposition, Plaintiff testified that besides the NSHS, nobody at NS discriminated against her in relation to her disability, which detrimentally undermines Plaintiff's claim that those responsible for staffing decisions engaged in this sort of discrimination. ECF No. 38-7 at 51.

Simply put, the link between disclosing her disability to managers and the decision to eliminate/transfer her position is severely lacking, so much so that a reasonable trier of fact could not find in Plaintiff's favor. <u>See</u> ECF No. 81 at 11; <u>see also</u> <u>Anderson</u>, 477 U.S. at 252 (summary judgment standard). Thus, this

---

[14] In Plaintiff's Opposition Memorandum, her Count III claims are "Eliminating [Plaintiff's] Sourcing Supervisor position in December 2019" and "Unlawful Termination of [Plaintiff] from her Special Projects Position on February 7, 2020." ECF No. 52 at 18.

court agrees with the Magistrate Judge that Plaintiff has failed to establish a prima facie ADA discrimination claim.

However, even if this court were to find that Plaintiff met her burden of establishing a prima facie case, this court still could not find in favor of Plaintiff under the McDonnell Douglas burden shifting framework. Defendant has provided a legitimate, nondiscriminatory reason for eliminating Plaintiff's position—reduction in force—which was a consideration as early as May 2019. ECF Nos. 38-6 at 25, 79 at 20. Defendant has provided email evidence to support this claim.[15] See ECF No. 38-1 at 85-86; see also ECF No. 79 at 8 (citing Ulrich, 233 F. Supp 3d at 527 ("The employer's burden at the second step is 'one of production, not persuasion.'")). Plaintiff has not offered sufficient relevant evidence in her objection or elsewhere demonstrating that Defendant's reasoning was pretextual, which requires this court to find in Defendant's favor. See id.

For these reasons, the court **OVERRULES** Plaintiff's objection to the R&R finding that Plaintiff failed to establish a prima facie ADA discrimination claim.

---

[15] The email indicates that Defendant was contemplating significant changes to Plaintiff's role. See ECF No. 38-1 at 85-86. It states, "As a reminder, please continue to strictly limit conversations around onsite (or outsourcing) support to Corey [Plunkett] and myself [Jon Zillioux] if it touches on any substantive function currently performed by Mark or Janet [Price]. Id.

(3)  Objection 10: Failure to Analyze ADA Retaliation Claim

within Context of Termination

"'To establish a prima facie retaliation claim under the ADA, a plaintiff must prove (1) [s]he engaged in protected conduct, (2) [s]he suffered an adverse action, and (3) a causal link exists between the protected conduct and the adverse action.'" ECF No. 79 at 21 (quoting Reynolds, 701 F.3d at 154). The adverse action Plaintiff asks this court to address is her ultimate termination, which the Plaintiff states the Magistrate Judge failed to analyze.[16] See ECF No. 81 at 12.

As the Magistrate Judge correctly notes, Plaintiff "does not articulate what protected activity she engaged in specifically related to her disability." ECF No. 79 at 21. Nonetheless, the Magistrate Judge inferred that Plaintiff's request for an accommodation was her protected activity, a determination to which Plaintiff did not object.[17] Id.; see ECF No. 81 at 12 (containing no objection from Plaintiff on the Magistrate Judge's analysis on protected activity).

---

[16] The Magistrate Judge notes that "[i]t is not exactly clear what adverse employment action Plaintiff contends Northern Southern took to retaliate against her for requesting an accommodation." ECF No. 79 n.6.

[17] This court has considered "a request for part-time work or accommodations, lodging a complaint, or opposing unlawful employment practices" to be protected activity under the ADA. Gupta v. Freddie Mac, 2019 WL 5866067 at *12 (E.D. Va. Nov. 8, 2019).

The Magistrate Judge's analysis, which focuses on the transfer of duties as the adverse employment action at issue, relies heavily on the temporal proximity between the accommodation request—made at the latest on November 18, 2019—and the transfer of her duties to Atlanta less than three weeks later. ECF No. 79 at 23. The same temporal proximity does not exist with regards to Plaintiff's termination, which occurred eleven weeks after her accommodation request. ECF No. 79 at 7. When mere temporal proximity is the only evidence of the causal link, "the temporal proximity must be very close." Clark County Sch. Dis. V. Breeden, 532 U.S. 268, 273 (2001) (internal quotation marks omitted).[18] Plaintiff did not use the opportunity in her objection to direct the court to an alternative causal link between her accommodation request and termination, meaning that there is no prima facie case for the court to consider. See ECF Nos. 52 at 28-30, 81 at 12.[19] Therefore, although the Magistrate Judge did not address this ADA retaliation claim in the specific context of Plaintiff's termination, Plaintiff's objection to the R&R on this point is

---

[18] The Supreme Court has indicated that a three-month period is insufficient, and the time between Plaintiff's accommodation request and her termination is nearly this length. Clark County Sch. Dis. V. Breeden, 532 U.S. 268, 273 (2001).

[19] The court acknowledges that Plaintiff states in a footnote that "Plaintiff does not rest her case on temporal proximity," but fails to offer a clear alternative theory to explain the causal link. See ECF No. 52 n.6.

**MOOT** because Plaintiff did not demonstrate that she has a prima facie case, and therefore fails the first factor of the McDonnell Douglas framework.

(d) Objection 13: Failure to Analyze ADA Discrimination Claim within Context of Termination

The final objection Plaintiff makes in relation to the Magistrate Judge's recommendation on Count III is the "failure to analyze her ADA discrimination claim within the context of Plaintiff's termination." ECF No. 81 at 18. As previously discussed, see supra Part III(B), there is significant uncertainty regarding when Plaintiff was supposed to come back to work, which this court views as pertinent to this claim. See ECF No. 52-7 (email correspondence among Defendant's employees regarding Plaintiff's return date). Furthermore, the record demonstrates inconsistent reasons as to why Plaintiff was terminated. See ECF Nos. 38-3 at 14 (Zillioux's deposition testimony where he states that Plaintiff was terminated because she did not come back after her FMLA leave), 38-4 at 23 (Gayle's deposition testimony that "work force restructure" contributed to Plaintiff's termination). Accordingly, the court **SUSTAINS** Plaintiff's objection. Additional factfinding by the jury is needed.

**D. Objection 6: R&R Treatment of Count VI**

Plaintiff objects to the Magistrate Judge's treatment of her failure-to-promote claim in violation of Title VII. ECF No. 81

at 7. In the R&R, the Magistrate Judge found that Plaintiff satisfied her burden of establishing a prima facie case of gender discrimination. ECF No. 79 at 35-40. However, under the McDonnell Douglass framework, the burden again shifted back to the Plaintiff when the Magistrate Judge determined that Defendant had a legitimate and non-discriminatory reason for selecting Alley over Plaintiff for the position in question. Id. at 40-41. Plaintiff argues that, contrary to the Magistrate Judge's R&R, there is "[e]vidence of pretext." ECF No. 81 at 7.

If reasons proffered by a Defendant are found to be legitimate and nondiscriminatory, a Plaintiff then has the burden of demonstrating pretext. Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 143-144 (2000). Under this standard, a Plaintiff must "prove by a preponderance of the evidence that the legitimate reasons...were not its true reasons" Id. at 143 (internal quotation marks omitted). It is Plaintiff's "ultimate burden of persuading the court that [she] has been the victim of intentional discrimination. Holland v. Wash. Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007) (citing Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256, (1981)); ECF No. 79 at 41.

In her objection, Plaintiff restates much of what she has already argued, and what the Magistrate Judge has considered in great length. See ECF No. 81 at 7-9 (again stating that (i) Defendant has "inconsistent reasons for failure to promote,"

(ii) Alley did not have requisite qualifications and was the fifth consecutive male to have the position, and (iii) female colleagues had similar sentiments about males being promoted "easier"); see generally ECF No. 79 at 41-44 (detailing Plaintiff's arguments in an attempt to demonstrate pretext, as stated in the R&R). To Plaintiff's detriment, her objections are merely conclusory—that the Magistrate Judge got it wrong. See Orpiano, 687 F.2d at 47; ECF No. 81 at 7-9. They do not demonstrate that Defendant's reasons for promoting Alley over Plaintiff are untrue. See Reeves, 530 U.S. at 143-144. Therefore, the court **OVERRULES** Plaintiff's objection to the R&R which found no evidence of pretext.

### E. Objection 11: R&R Treatment of Count VII

Plaintiff makes two objections to the Magistrate Judge's analysis of her Title VII retaliation claim. First, she argues that the Magistrate Judge incorrectly found that Plaintiff failed to establish that she engaged in "protected activity," the first element of a prima facie Title VII retaliation case. ECF No. 81 at 12. Next, she argues that, contrary to the R&R findings, she has established a causal link between her allegedly protected activity and her termination. Id. at 13.

The court finds that the Magistrate Judge gave considerable weight to Plaintiff's allegations regarding her reports of harassment. ECF No. 79 at 45-48. Plaintiff's conclusory objections are merely a restatement of facts that have already been considered

and weighed by the Magistrate Judge. See id., Sparks v. Circuit
Court of Chesterfield Va., No. 3:17-CV-392, 2018 WL 574935, at *9
(E.D. Va. Jan. 26, 2018); see, e.g., ECF No. 81 at 14-16 (providing
the same timeline that was already presented in Plaintiff's
Memorandum in Opposition to Motion for Summary Judgment).
Therefore, the court **OVERRULES** Plaintiff's objection to the R&R
which found that Plaintiff failed to present a prima facie Title
VII retaliation claim based on her gender.

### F. Objection 12: R&R Treatment of Count VIII

Plaintiff makes three objections to the Magistrate Judge's
recommendation on Plaintiff's age discrimination claim. ECF No. 81
at 16-18.

First, Plaintiff argues that the Magistrate Judge applied the
incorrect legal standard. Id. at 16-17. To support her argument,
Plaintiff points to a case out of the South Carolina District
Court. Id. (citing McFadden v. Stahl Crane Sys.,
No. 2:13-cv-03039-DCN, 2017 WL 1190870 (D.S.C. Mar. 31, 2017)). As
an initial matter, this court will note that "opinions of other
district courts are not binding authority." Henderson v. Corelogic
Nat'l Background Data, LLC, No. 3:12-CV-97, 2016 WL 4611570, at *4
(E.D. Va. Sep. 1, 2016). Second, and more importantly, this court
finds that the Magistrate Judge used the correct legal standard in
requiring Plaintiff to establish a prima facie age discrimination
case in the absence of direct evidence. ECF No. 79 at 50; see Loose

v. CSRA Inc., No. 19-2394, 2021 WL 4452432, at *2 (4th Cir. Sept. 29, 2021), Cole v. Family Dollar Stores of Md., Inc., 811 F. App'x 168, 172 (4th Cir. 2020), Kirkland v. Mabus, 206 F. Supp. 3d 1073, 1082 (E.D. Va. 2016). To reiterate the Magistrate Judge's statement in the R&R, in order to establish an age discrimination claim, a Plaintiff must demonstrate that: "'(1) she was older than 40; (2) she was discharged; (3) she was qualified for the job and met the defendant's legitimate expectations; and (4) her position remained open or was filled by a similarly qualified individual who was substantially younger.'" ECF No. 79 at 50 (citing Kirkland, 206 F. Supp. 3d at 1082).

Plaintiff next argues that it was an error for the Magistrate Judge to conclude that "there was insufficient evidence that the Special Projects role existed and therefore insufficient evidence that it was left open upon the termination of Plaintiff's employment." ECF No. 81 at 17. Plaintiff again restates the same facts that were already considered by the Magistrate Judge. Id.; see Sparks, 2018 WL 574935, at *9. The court determines this to be another conclusory objection.

The court will also point out that the Magistrate Judge's inquiry did not end when he determined there was no prima facie case. ECF No. 79 at 53. Rather, the Magistrate Judge continued with the burden shifting test and found that there was no evidence of pretext, which also supported finding in favor of Defendant's

23

Motion. Id. Surprisingly, Plaintiff did not object to this conclusion of no pretext by the Magistrate Judge. Therefore, determining whether Plaintiff pleaded facts that establish a prima facie age discrimination case is not necessary because it is undisputed that Defendant provided "a legitimate, nondiscriminatory reason" for leaving the alleged "position" open and there is no evidence of pretext. Id. Without "clear error on the face of the record" de novo review is not necessary if a party does not object to a finding. Diamond, 416 F.3d at 315.

Lastly, Plaintiff "objects to the [M]agistrate [J]udge's *refusal* to consider the evidence of other women who testified to their personal experiences regarding age discrimination..." (emphasis added). ECF No. 81 at 18. However, Plaintiff's objection is wholly incorrect. The Magistrate Judge specifically addressed (and considered) this testimony in the R&R, and even included direct quotes from three women who worked at NS (Suzan Sadler, Leann Brooks, and Lana Mahek). ECF No. 79 at 53-54. Determining that these testimonies are "conclusory opinions...[not] sufficient to demonstrate pretext" does not at all indicate that the Magistrate Judge refused to consider them. Id. at 54.

For the above reasons, the court **OVERRULES** Plaintiff's objection to the R&R which found that Plaintiff did not meet her burden of persuasion with regard to her age discrimination claim.

### G. Objection 14: R&R Treatment of Count IX

Plaintiff's final objection relates to her claim of intersectional discrimination. ECF No. 81 at 18-19. As the Magistrate Judge correctly states, "[o]nly one district court within the Fourth Circuit has explicitly recognized and substantively analyzed" a theory of intersectional discrimination. ECF No. 79 at 54-55 (citing Westmoreland v. Prince George's Cnty., 876 F. Supp. 2d 594, 604 (D. Md. 2012). Plaintiff wholly mischaracterizes the Magistrate Judge's analysis on this point. Contrary to Plaintiff's objection, the Magistrate Judge did not hold that intersectional discrimination does not exist; rather the Magistrate Judge held that there is "no statutory authority or case authority from the Fourth Circuit" that binds this court. ECF No. 79 at 54. Plaintiff also fails to identify any support to the contrary. See ECF No. 81 at 18-19.

Lastly, Plaintiff "objects to the [Magistrate Judge's] finding that questions of fact do not exist concerning intersectional discrimination." ECF No. 81 at 19. Not only is this a conclusory objection, but Plaintiff has also failed to demonstrate to the court with any specificity how she has been discriminated against because of a combination of multiple protected characteristics. See Westmoreland, 876 F. Supp. 2d at 604. Although the Fourth Circuit has yet to squarely address the issue of intersectional discrimination, that does not prohibit

this court from determining that nothing in Plaintiff's pleading presents any evidence of discrimination based on multiple protected characteristics. Id.; see ECF No. 1 at 25-26 ("[t]he actions of Defendant as described herein constitute intersectional discrimination based upon age in violation of the ADEA, based upon disability in violation of the [ADA], and/or based upon gender in violation of Title VII"), ECF No. 52 at 28 (failing to link her membership in multiple protected groups to specific acts of discrimination).

For the above reasons, the court **OVERRULES** Plaintiff's objections to the R&R addressing her claim of intersectional discrimination.

## IV. DEFENDANT'S OBJECTIONS

The Magistrate Judge's R&R recommends that Defendant's Motion be granted in part and denied in part. ECF No. 79 at 1. Defendant objects to the Magistrate Judge's recommendation to deny the motion with respect to Count I (Discrimination and Retaliation in Violation of the FMLA) and Count IV (Failure to Accommodate in Violation of the ADA). ECF No. 80 at 2.

### A. Objection to R&R Treatment of Count I

In Defendant's objection related to Count I, Defendant argues that Plaintiff's FMLA discrimination and retaliation claim "fails as a matter of law because even though Plaintiff's position was eliminated, the record reflects that if she were to return from

her continuous FMLA leave, an alternate position would have been available to her." Id. at 3. To support its position, Defendant posits that the temporal proximity between her leave and the transfer/elimination of her position is "immaterial" because Plaintiff had some position to return to had she returned to work. Id.

First, and as discussed previously, there is a material factual dispute about when Plaintiff was supposed to return to work, and relatedly, the reason for her ultimate termination. See supra Part III(B). Furthermore, although "involuntary transfers without reductions in pay" are not necessarily always adverse employment actions, there is more to it. ECF No. 80 at 4. If a transfer involves "detrimental effects" such as "reduced pay, a diminished opportunity for promotion, less responsibility, or a lower rank," that could be viewed as an adverse employment decision. Kitlinski v. Barr, No. 1:16-cv-0060, 2019 WL 7816853, at *3 (E.D. Va. Apr. 10, 2019). Defendant has not provided clear evidence of what exactly Plaintiff's position would have been had she returned to NS before her termination, or even confirmed that her level of responsibility, promotion eligibility, etc. would remain unchanged.[20] See ECF Nos. 38-3 at 14, 38-6 at 19.

---

[20] Defendant did state in its Objection that pay and benefits would remain unchanged. See ECF No. 80 at 4. According to Defendant, Plaintiff would have had the option to "explore

Because of the clear genuine dispute of material fact discussed above, this court **OVERRULES** Defendant's objection as it relates to Count I.

## B. Objection to R&R Treatment of Count IV

Defendant's second objection rests on the "Magistrate Judge's finding that material facts remain in dispute regarding whether Plaintiff received a reasonable accommodation." ECF No. 80 at 5. Defendant argues that providing Plaintiff with continuous leave was reasonable and specifically requested by Plaintiff. Id. at 4-5. The court finds it important to emphasize, however, that in rejecting Plaintiff's request to work half-days from November 12-15 (and possibly November 18-19), Plunkett advised that "[i]f you are not able to make it into the office full time, you should stop working and focus on your health...We cannot support you working from home while you are not well." ECF No. 38-1 at 20-21.[21]

Defendant further argues that the Magistrate Judge was incorrect in relying on case law which held that leave is not always a reasonable accommodation. ECF Nos. 79 at 31-32,

---

alternate positions," and it would be surprising if each one had identical pay across the board. Id.

[21] It should be noted that Defendant has still failed to provide reasoning as to why work-from-home was not an option. The court recognizes that widespread remote working is a consequence of the COVID-19 pandemic, but it is not a completely novel arrangement.

80 at 5-6. To support this argument, Defendant states that Plaintiff "changed her request to take intermittent, and then continuous, FMLA leave." ECF No. 80 at 7. Based on the record, however, it appears that some form of leave was the *only* option available to Plaintiff if she would be unable to come into the office full-time. See ECF No. 38-1 at 20-21. Defendant also alleges that "Plaintiff advised that her condition prohibited her from working at all," but has neglected to provide supporting evidence for this claim. ECF No. 80 at 8. Therefore, this court agrees with the Magistrate Judge in that there remains a genuine dispute of material fact as to whether the accommodation was reasonable, as well as whether there was an "interactive dialogue" between the parties regarding the accommodation. See ECF No. 79 at 32.

Based on the above reasoning, this court **OVERRULES** Defendant's objection to the Magistrate Judge's recommendation to deny Defendant's Motion for Summary Judgment as it relates to Count IV.

## V. CONCLUSION

For the reasons stated herein, having reviewed the record in its entirety and having examined the objections to the R&R and made de novo determinations with respect thereto, the court hereby **OVERRULES** Plaintiff's first, second, third, fifth, sixth, seventh, eighth, eleventh, twelfth, and fourteenth objections, and also **OVERRULES** Defendant's two objections. Furthermore, this court

**MODIFIES** a sentence in the Statement of Undisputed Material Facts in response to Plaintiff's fourth objection. Plaintiff's tenth objection is found to be **MOOT**. And Plaintiff's ninth and thirteenth objections are **SUSTAINED**.

Accordingly, this court **GRANTS** Defendant's Amended Motion for Summary Judgment with respect to Count III (Discrimination in Violation of the ADA), Count VI (Gender Discrimination Based on Failure to Promote in Violation of Title VII), Count VII (Retaliation in Violation of Title VII), Count VIII (Age Discrimination in Violation of the ADEA), and Count IX (Intersectional Discrimination in Violation of the ADEA, ADA, and/or Title VII).[22] Furthermore, this court **DENIES** Defendant's Motion with respect to Count I (Discrimination and Retaliation in Violation of the FMLA), Count III (Retaliation in Violation of the ADA), and Count IV (Failure to Accommodate in Violation of the ADA). Counts I, III (retaliation claim), and IV will go forward for trial.

The Clerk is **DIRECTED** to send a copy of this Opinion to counsel for both parties. The parties are **DIRECTED** to contact the Calendar Clerk to set this matter for trial.

---

[22] Count II (Interference in Violation of the FMLA) and Count V (Interference in Violation of the ADA) are **DISMISSED** pursuant to Plaintiff's voluntary withdrawal of those counts. See supra n.1, n.3.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

September 23, 2022

31